IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00332-MR

| | |
|---|---|
| COLONIAL LIFE & ACCIDENT )<br>INSURANCE COMPANY, )<br>                     **Plaintiff,** )<br>                              )<br>  vs.                          )<br>                              )<br>PAULA G. BRYANT, PENNY B. )<br>PENDERGRASS, BRIAN HAMBY, )<br>RYAN HAMBY, and KENNETH )<br>HAMBY, )<br>                              )<br>                 **Defendants.** )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 22].

### I.    PROCEDURAL BACKGROUND

The Plaintiff, Colonial Life & Accident Insurance Company ("Colonial"), filed a Complaint in Interpleader ("Complaint") against Defendants Paula G. Bryant, Penny B. Pendergrass, Brian Hamby, Ryan Hamby, and Kenneth Hamby (collectively, "Defendants") on November 5, 2021. [Doc. 1]. Colonial's Complaint alleges that it cannot determine the proper beneficiary or beneficiaries of three life insurance policies it issued to Peggy A. Bryant ("Decedent"). [Id. ¶ 31]. Thus, Colonial sought to deposit the contested life

insurance proceeds ("Proceeds") with the Court and sought a determination by the Court of the proper recipient or recipients of the Proceeds. [Id. ¶ 36]. Colonial's Complaint also sought its dismissal from the action and its discharge from any further liability upon payment of the Proceeds. [Id.].

On December 29, 2021, Colonial filed a proof of service indicating that Brian Hamby, Kenneth Hamby, Penny B. Pendergrass, and Ryan Hamby were served on December 3, 2021, and that Paula G. Bryant was served on December 6, 2021. [Docs. 4-8]. On January 18, 2022, Colonial filed a Motion for Interpleader Deposit. [Doc. 9]. On January 25, 2022, the Court entered an order granting Colonial's Motion for Interpleader Deposit and ordering Colonial to deposit the Proceeds of $75,000, plus any applicable interest, with the Court. [Doc. 11]. On February 8, 2022, Colonial deposited $76,555.69 with the Court. [Receipt No. CHD069768]. On March 1, 2022, Colonial filed a "Motion for Discharge, Injunctive Relief, and Dismissal with Prejudice," requesting dismissal with prejudice from the action, discharge from further liability regarding the Proceeds, and injunctive relief against any future action by the Defendants regarding the Proceeds. [Doc. 13]. On March 2, 2022, the Court denied without prejudice Colonial's "Motion for Discharge, Injunctive Relief, and Dismissal with Prejudice as premature. [Doc. 14]. On May 13, 2022, Colonial renewed its "Motion for Discharge, Injunctive Relief,

and Dismissal with Prejudice." [Doc. 17]. On May 20, 2022, the Court again denied without prejudice Colonial's motion as premature, noting that none of the Defendants had filed an answer nor had Colonial sought their default. [Doc. 19]. On June 13, 2022, Colonial filed a Motion for Entry of Default against all Defendants, noting that none had made an appearance or otherwise defended the action.[1] [Doc. 20]. On June 15, 2022, the Clerk entered a default against the Defendants. [Doc. 21]. On July 29, 2022, Colonial filed the present Motion for Default Judgment. [Doc. 22].

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ. P. 55(b)(1). "In all other cases, the [plaintiff] must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

---

[1] Penny B. Pendergrass filed a letter with the Court on April 11, 2022, addressing various issues regarding the subject matter of this action. [Doc. 15]. Because this letter does not address Ms. Pendergrass's purported entitlement to the disputed funds, however, the Court does not construe this letter as an answer or defense of the action.

3

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Id. (alteration in original) (quoting Nishimatsu, 515 F.2d at 1206). The Court therefore must determine whether the alleged facts state a claim for relief. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

### III. FACTUAL BACKGROUND

The well-pleaded factual allegations of Colonial's Complaint are deemed admitted by virtue of the Defendants' default. Ryan, 253 F.3d at 780. The following is a summary of the relevant and admitted facts.

Colonial is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located in the State of South Carolina. [Doc. 1 ¶ 1]. Paula G. Bryant is the surviving sister of the Decedent and is a citizen and resident of Murphy, North Carolina. [Id. ¶ 2]. Penny B. Pendergrass is the surviving sister of the Decedent and is a citizen and resident of Murphy, North Carolina. [Id. ¶ 3]. Brian Hamby is the surviving son of the Decedent and is a citizen and resident of Andrews, North Carolina. [Id. ¶ 4]. Ryan Hamby is the surviving son of the Decedent and is

4

a citizen and resident of Murphy, North Carolina. [Id. ¶ 5]. Kenneth Hamby is the ex-spouse of the Decedent and is a citizen and resident of Murphy, North Carolina. [Id. ¶ 6].

The life insurance policies at issue in this action were issued by Colonial to the Decedent as an employee of Industrial Opportunities FBP, pursuant to an Employee Retirement Income Security Act ("ERISA") governed employee welfare benefit plan. [Id. ¶ 9]. As claims fiduciary, Colonial must administer claims in accordance with ERISA. [Id. ¶ 11]. The three policies at issue are: Policy No. 8291564050, effective June 1, 2009, in the face amount of $50,000 ("the 2009 Policy"); Policy No. 6359098640, effective June 17, 2012, in the specified amount of $20,000 ("the 2012 Policy"); and Policy No. 8427970940, effective June 1, 2017, in the face amount of $5,000 ("the 2017 Policy"). [Id. ¶ 10]. In the application for the 2009 Policy, the Decedent designated her mother, Ellen Bryant, as 100% primary beneficiary and designated her son, Brian Hamby, as 100% contingent beneficiary. [Id. ¶ 13]. In the application for the 2012 Policy, the Decedent designated "All Children Equally" as 100% primary beneficiary and did not designate a contingent beneficiary. [Id. ¶ 14]. On May 21, 2014, the

Decedent changed the beneficiary on the 2009 Policy to Kenny R. Hamby,[2] whom she listed as her fiancé. [Id. ¶ 15, Ex. D]. In the application for the 2017 Policy, the Decedent designated Kenny Hamby, whom she listed as her husband,[3] as 100% primary beneficiary and did not designate a contingent beneficiary. [Id. ¶ 16, Ex. C].

On August 1, 2018, Colonial received a change of beneficiary form ("the 2018 COB form") from Colonial. [Id. ¶ 17]. The Decedent listed Penny B. Pendergrass and Paula G. Bryant as 50% primary beneficiaries on the 2018 COB form but left the policy number section of the form blank. [Id.]. Colonial rejected the 2018 COB form and sent a letter to the Decedent stating that she needed to list the policy numbers of the policies she wanted to change. [Id. ¶ 20].

On September 21, 2020, Penny B. Pendergrass contacted Colonial to inform it that the Decedent passed away on September 16, 2020. [Id. ¶ 21,

---

[2] Although named as Kenneth Hamby in this action, he is referred to as "Kenny" in the Decedent's life insurance application, change of beneficiary form, and divorce records. [Doc. 1 Exs. C, D, I].

[3] Although Kenny Hamby is listed as the Decedent's husband in the 2017 Policy application, divorce records attached to the Complaint show that she and Kenny Hamby divorced in 2005. [Doc. 1 Ex. I]. However, Decedent listed Kenny Hamby in a 2014 document as her "fiancé" [Doc. 1 at ¶15, Ex. D], and in the 2017 document as her "husband." [Doc. 1 at ¶16, Ex. C]. Decedent's sister, Penny Pendergrass, filed a document with the Court indicating that the Decedent lived with her rather than Kenny Hamby beginning in 2016. [Doc. 15]. As such, it is unclear whether Decedent and Kenny Hamby remarried sometime after 2014, notwithstanding their 2005 divorce, and if so, whether they again divorced.

23]. Pendergrass requested that Colonial send claim forms to Paula G. Bryant. [Id. ¶ 23]. On October 1, 2020, the Decedent's sister, Debbie Jones, called Colonial and inquired whether the 2018 COB form could be resubmitted with the missing policy numbers. [Id. ¶ 24]. In that conversation, Jones informed Colonial that the Decedent and Kenneth Hamby had divorced. [Id. ¶ 24]. Pendergrass sent Colonial documentation relating to the Decedent's divorce on October 21, 2020. [Id. ¶ 25]. The divorce documentation did not address how life insurance policies should be treated. [Id. ¶ 26].

On December 10, 2020, Colonial requested that Brian Hamby complete claim forms and explained that there were competing claims to the Proceeds and that Colonial would seek a judicial determination of entitlement to the Proceeds if an amicable agreement could not be reached. [Id. ¶ 27]. On December 21, 2020, Colonial reiterated to Brian Hamby that it would seek a judicial determination of entitlement to the Proceeds if it did not receive an agreement as to how the Proceeds would be paid; specifically, Colonial requested a signed, dated, and notarized statement of agreement from Brian Hamby, Ryan Hamby, Paula G. Bryant, Penny B. Pendergrass, Kenneth Hamby, Pam Spiva, and Debbie Jones.[4] [Id. ¶ 28]. On December 28, 2020,

---

[4] Pam Spiva and Debbie Jones are not, and have never been, parties to this action.

7

Case 1:21-cv-00332-MR   Document 24   Filed 10/04/22   Page 7 of 12

Kenneth Hamby and Brian Hamby called Colonial and stated that they had reached an agreement with Ryan Hamby but could not reach an agreement with Penny B. Pendergrass, Paula G. Bryant, and Debbie Jones. [Id. ¶ 29]. On January 15, 2021, Colonial notified Brian Hamby of its intent to pursue an interpleader action. [Id. ¶ 30].

## IV. DISCUSSION

### A. Jurisdiction

Colonial brings this action as an interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure. [Id. ¶ 7]. Unlike 28 U.S.C. § 1335, which authorizes statutory interpleader actions,[5] Rule 22 does not relax the requirements for exercise of the jurisdiction of the federal courts. See AmGuard Ins. Co. v. SG Patel & Sons II LLC, 999 F.3d 228, 245 (4th Cir. 2021). Thus, actions brought pursuant to Rule 22 must satisfy one of the general statutory grants of federal jurisdiction.

Colonial's Complaint alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under ERISA. [Doc. 1 ¶ 7]. ERISA provides that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States

---

[5] Statutory interpleader is not available in this case because there is not "minimal diversity" between the claimants. See 28 U.S.C. § 1335.

shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title." 29 U.S.C. § 1332(e)(1). ERISA also provides that a "participant, beneficiary, or fiduciary" may bring a civil action to obtain "appropriate equitable relief" to enforce ERISA's provisions. [Id. § (a)(3)(B)].

The Fourth Circuit has not specifically addressed whether an insurer bringing an interpleader action to determine the proper recipient of proceeds from an ERISA-governed plan is a "fiduciary" seeking "equitable relief"; however, other courts have answered that question in the affirmative. See, e.g., Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 276-77 (3d Cir. 2007); Metropolitan Life Ins. Co. v. Bigelow, 283 F.3d 436, 439-40 (2d Cir. 2002); Metropolitan Life Ins. Co. v. Marsh, 119 F.3d 415, 418 (6th Cir. 1997). Further, Colonial characterizes itself as the "claims fiduciary," [Doc. 1 ¶ 11], and interpleader is a fundamentally equitable remedy, see, e.g., Humble Oil & Refin. Co. v. Copeland, 38 F,2d 364, 368 (4th Cir. 1968) ("The genesis of interpleader is equity."). Accordingly, the Court has federal question jurisdiction over Colonial's claim.

The Court must also have personal jurisdiction over the Defendants to render a valid default judgment. The Court has personal jurisdiction over the

Defendants because they are all domiciled in North Carolina. See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).

Colonial has also complied with its obligations to effectuate service of process by serving the Defendants with a summons and a copy of the Complaint pursuant to Federal Rule of Civil Procedure 4. [Docs. 4-8]. Finally, venue is proper under 28 U.S.C. § 1391(b). Accordingly, this Court has jurisdiction over this matter and will proceed to address the merits of Colonial's Motion for Default Judgment.

### B. Plaintiff's Requests for Discharge of Liability, Dismissal with Prejudice, and Injunctive Relief

Colonial requests that the Court dismiss it with prejudice, discharge it of further liability regarding the Proceeds, and permanently enjoin the Defendants from initiating any action or proceeding against it regarding the Proceeds. [Doc. 23 at 9-10]. Colonial argues that discharge from further liability, dismissal, and injunctive relief are appropriate at this stage because it has satisfied its obligations regarding the Proceeds by depositing the Proceeds with the Court and interpleading the Defendants. [Id. at 4].

Rule 22 interpleader provides that, "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(1). In interpleader actions, the

stakeholder "makes no claim to a part of the money or property for itself and is 'indifferent' as to which claimant should receive the money or property" and "simply deposits the money or property with the court for distribution to the claimaints." AmGuard Ins. Co., 999 F.3d at 244 (quoting State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 634 (1967). Once the stakeholder has deposited the property with the court, "the stakeholder is discharged." Id.

Here, Colonial properly brings this interpleader action as a disinterested stakeholder making no claim to the Proceeds. It has deposited the Proceeds with the Court and has fulfilled its obligations regarding the Proceeds. Accordingly, the Court dismisses Colonial with prejudice, discharges it of further liability regarding the Proceeds, and permanently enjoins the Defendants from initiating any action or proceeding against Colonial regarding the Proceeds.[6]

Accordingly, **IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

(1) Colonial's Motion for Default Judgment [Doc. 22] is **GRANTED**;

(2) Colonial is dismissed from this action with prejudice;

---

[6] Usually, once the stakeholder has been discharged, courts move to the "second stage" of interpleader and settle the adverse claimants' rights to the money or property. See Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n.4 (4th Cir. 1984). Here, however, none of the Defendants have responded to the Complaint to assert their claim to the Proceeds; therefore, the Court cannot proceed to the second stage at this time.

(3) Colonial, Industrial Opportunities FBP, and the Colonial Life Insurance Plan are hereby fully discharged from any further liability for the deposited interpleader funds; and

(4) The Defendants are hereby restrained and enjoined from instituting any action or proceeding in any state or United States court against Colonial, Industrial Opportunities FBP, and the Colonial Life Insurance Plan for the recovery of the Proceeds (plus any applicable interest) by reason of the death of the Decedent.

The Clerk of Court is respectfully instructed to enter a default judgment consistent with this Order against the Defendants Paula G. Bryant, Penny B. Pendergrass, Brian Hamby, Ryan Hamby, and Kenneth Hamby.

The Clerk of Court is directed to retain the interpleaded funds in the Court's registry account in accord with the law.

**IT IS SO ORDERED.**

Signed: October 3, 2022

Martin Reidinger
Chief United States District Judge